UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

PATRICK STROHKIRCH,

        Plaintiff,

vs.

        Case No. 2:23-cv-01731

GLOBALIZATION PARTNERS U.S., INC.;
MEDIT CORP.,

        Defendants.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Globalization Partners U.S., Inc. and Medit Corp. ("Defendants") remove this matter from the Circuit Court for Waukesha County, Wisconsin to the United States District Court for the Eastern District of Wisconsin. The grounds for removal are as follows:

### COMPLIANCE WITH STATUTORY REQUIREMENTS

1. On November 20, 2023, Plaintiff Patrick Strohkirch ("Plaintiff") filed a civil action against Defendants in the Circuit Court for Waukesha County, Wisconsin, case no. 2023-CV-01869 (the "Complaint"). Copies of the Summons and Complaint are attached as Exhibits A and B. These are the only process, pleadings, or orders served on Defendants in this action.

2. Medit Corp. was served with the Summons and Complaint on November 29, 2023. Globalization Partners U.S., Inc. was served with the Summons and Complaint on November 28, 2023. Defendants' removal of this action is timely because Defendants are removing this matter within 30 days of service. 28 U.S.C. § 1446(b).

## JURISDICTION

3. The Circuit Court for Waukesha County is within the Eastern District of Wisconsin, Milwaukee Division. 28 U.S.C. § 130. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

4. The United States District Court for the Eastern District of Wisconsin has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Under section 1332, federal courts have diversity jurisdiction over a case or controversy when: (1) the amount in controversy exceeds $75,000, and (2) complete diversity of citizenship exists between the parties.

### Basis for Removal: Diversity Jurisdiction

5. This action is properly removable under 28 U.S.C. § 1441(b), because the United States District Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1332(a), which provides, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… citizens of different States…."

6. This is an action for alleged wrongful discharge and breach of contract. (*See* Complaint at ¶¶ 33-38.)

5. The removing party is only required to establish the amount in controversy by a preponderance of the evidence, and may present evidence combined with reasonable inferences or reasonable extrapolations. *Carroll v. Stryker Corp.,* 658 F.3d 675, 680 (7th Cir. 2011).

6. In seeking removal, Defendants must show that it is more likely than not that the amount in controversy exceeds $75,000. *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006).

7. Although Plaintiff's Complaint does not identify a dollar amount of claimed damages, the allegations of his Complaint make clear the amount in controversy exceeds $75,000. When the face of the complaint does not establish the amount in controversy, "a good faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). A plaintiff's multiple claims may be aggregated to determine diversity jurisdiction. *Clark v. State Farm Mutual Automobile Insurance Co.*, 473 F.3d 708, 711 (7th Cir. 2007).

8. Plaintiff's Complaint alleges that the purported wrongful discharge allegedly caused Plaintiff damages in the form of a "loss of employment [ ], losses of past and future earnings, expenses and employment benefits…" (*See* Complaint at ¶ 35.) Plaintiff's Complaint further alleges that, as a result of the alleged breach of contract, Plaintiff purportedly incurred damages of "a loss of (2) [sic] months' pay and benefits, and consequential damages that hindered his ability to secure new employment…". (*See Id.* at ¶ 38.)

9. In addition, in the Complaint's Prayer for Relief, Plaintiff seeks the following damages: "(1) back pay, (2) interest on the back pay, (3) lost benefits, and (4) compensation for any special damages sustained as a result of the wrongful discharge and breach of contract, including litigation costs and reasonable attorneys' fees; and such other relief as the Court deems just and equitable." (*See* Complaint at Prayer for Relief.)

10. The Seventh Circuit has suggested several non-exclusive ways in which a party may provide a good faith estimate of the amount in controversy. These include, but are not limited to, calculation from the complaint's allegations, reference to the plaintiff's informal estimates or settlement demands, or affidavits showing the cost to satisfy the plaintiff's demands. *See Rising-*

3

Case 2:23-cv-01731-PP   Filed 12/28/23   Page 3 of 7   Document 1

*Moore v. Red Roof Inns, Inc.*, 435 F.3d 813 (7th Cir. 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005); *Rubel v. Pfizer Inc.*, 361 F.3d 1016 (7th Cir. 2004).

11. In the Complaint, Plaintiff alleges that he was receiving annual compensation of $175,000 USD per year plus commission of up to $52,500 USD and benefits of $10,000 USD or more for a total compensation package of $237,500 USD (Exhibit A to Complaint, p. 1). Plaintiff seeks alleged lost past and future earnings and benefits. **Four months of lost wages and benefits from Plaintiff's termination on September 15, 2023 to January 15, 2024 amounts to over $79,000 USD, as alleged by Plaintiff**. This amount is only Plaintiff's alleged losses on back pay to date – it does not include any future wages or back pay at the time of any trial. In addition to lost past and future wages and benefits, Plaintiff's Complaint alleges entitlement to additional consequential, compensatory and special damages, including attorney's fees. Therefore, the amount in controversy in this action easily exceeds $75,000 USD. *See Peddie v. Sterling Jewelers, Inc.*, 282 F.Supp.2d 947, 949 (E.D. Wis. 2003) (concluding that diversity jurisdiction requirements were satisfied where defendant relied upon allegations in the complaint in which the plaintiff stated that she incurred lost wages, benefits, advancement opportunities and emotional distress). *See also Back Doctors Ltd. V. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827 (7th Cir. 2011) (holding that $75,000 amount in controversy requirement satisfied unless it is "legally impossible" for a plaintiff to recover that amount).

<u>Complete Diversity of Citizenship Exists.</u>

12. Plaintiff and Defendants are citizens of different states.

13. Plaintiff is an adult resident of the State of Wisconsin, residing in Waukesha, Wauwatosa, Wisconsin 53189. (Complaint at ¶3.)

4

14. Defendant Globalization Partners U.S., Inc. is a Delaware Corporation with a principal place of business in Boston, Massachusetts. (*Id.* at ¶4.)

15. Defendant Medit Corp. is a Korean corporation with a principal place of business in Long Beach, California. (*Id.* at ¶5.)

16. Defendants are not citizens of Wisconsin. Therefore, the case is removable under 28 U.S.C. § 1441(b).

17. This action may be removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this Court is the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a).

18. Pursuant to 28 U.S.C. § 1446(d), Defendant promptly will provide written notice of removal of this action to Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of the Waukesha County Circuit Court.

19. By removing this matter, Defendants do not admit to any of Plaintiff's allegations in the Complaint nor waive or intend to waive any defense or objection.

**WHEREFORE,** Defendants respectfully request that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Circuit Court of Waukesha Country, Wisconsin to the United States District Court for the Eastern District of Wisconsin.

Dated this 28th day of December, 2023.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*/s/ Christine Bestor Townsend*
Christine Bestor Townsend (WI State Bar No. 1103584)
Mark A. Johnson (WI State Bar No. 1018110)
Pabst Boiler House
1243 N. 10th Street, Suite 200
Milwaukee, WI 53205
Phone: 414-239-6413
Fax: 414-755-8289
christine.townsend@ogletree.com
mark.johnson@ogletree.com

***Attorneys for Defendants***

6

Case 2:23-cv-01731-PP   Filed 12/28/23   Page 6 of 7   Document 1

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document and its attachments were filed electronically with the United States District Court for the Eastern District of Wisconsin, this 28th day of December, 2023, with copies forwarded by e-mail transmission and First Class U.S. Mail, postage prepaid, to:

Alan Olson, Esq.
Alan C. Olson & Associates, S.C.
2800 S. Moorland Rd.
New Berlin WI 53151
Email: AOlson@Employee-Advocates.com

                                      */s/ Christine Bestor Townsend*
                                      Christine Bestor Townsend